# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MUTUAL WORK COMP SOLUTIONS, LLC, <br>     *Plaintiff*, <br> v. <br><br> BARONHR, LLC, *et al.*, <br>     *Defendants*. | Case No. 3:23-cv-223 <br><br> Judge Atchley <br><br> Magistrate Judge McCook |
| MUTUAL WORK COMP SOLUTIONS, LLC, <br>     *Plaintiff*, <br> v. <br><br> GUNNIN INSURANCE & RISK MANAGEMENT SERVICES, INC., <br>     *Defendant*. | Case No. 3:25-cv-82 <br><br> Judge Atchley <br><br> Magistrate Judge McCook |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Gunnin Insurance & Risk Management Services, Inc.'s ("Gunnin") Motion for Summary Judgment [Case No. 3:25-cv-82, Doc. 3].[1] Gunnin initially filed the Motion as a Motion to Dismiss; however, after Gunnin filed a Supplement [Doc. 144] containing materials outside the pleadings, the Court converted it to one for summary judgement. [*See* Doc. 156]. Both parties have now fully briefed the Motion, and it is ripe for the Court's review. For the reasons explained below, Defendant's Motion will be **DENIED.**

## I. BACKGROUND

This case arises out of an earlier-filed action and centers on whether Gunnin negligently provided inaccurate or misleading information to Plaintiff Mutual Work Comp Solutions, LLC

---

[1] The Motion [Doc. 3] was filed in Case No. 3:25-cv-82 prior to consolidation. Remaining record citations are to the record in the lead case, Case No. 3:23-cv-223, unless otherwise noted.

("Mutual Work") about five staffing companies (collectively, the "Baron Defendants"[2]) Mutual Work entered into services contracts with. Many of the facts in this case are in dispute but are not relevant to the instant motion. The key facts concern when Mutual Work was harmed by the information Gunnin provided about the Baron Defendants and when Mutual Work knew, or should have known, that it had suffered an injury.

Mutual Work provides administrative and human resources services, which includes procuring workers' compensation insurance for its customer companies. [Case No. 3:25-cv-82, Doc. 1-1 at ¶ 6]. On June 21, 2021, Gunnin, an independent insurance broker, entered into a Broker Referral Agreement ("Broker Agreement") with Mutal Work, whereby Gunnin agreed to refer customers to Mutual Work for a commission fee. [*Id.* at 28–32]. As part of its duties under the Broker Agreement, Gunnin referred to Mutual Work the Baron Defendants and acted as an intermediary between the two. [*See generally id.* at ¶¶ 21–26]. On August 17, 2021, Plaintiff entered into service agreement contracts with the Baron Defendants (the "Baron ASO Agreements"), who Plaintiff claims operated under common control of Defendant Luis Perez. [*Id.* at ¶ 14]. Ultimately, Mutual Work's relationship with the Baron Defendants crumbled, beginning with the first purported breach of the Baron ASO Agreements on May 12, 2023. [*Id.* at ¶¶ 30, 58; *see* First Affidavit of Tim Knight, Doc. 60 at ¶ 15].

1. **Lawsuit #1: Case No. 3:23-cv-223**

Because of the Baron Defendants' numerous alleged breaches of the Baron ASO Agreements, Mutual Work filed a complaint against the Baron Defendants and Gunnin in Tennessee state court. Mutual Work alleged, among other things, that Gunnin was professionally negligent. [*See generally* Doc. 1-1]. The case was removed to this Court on July 25, 2023. [Doc.

---

[2] These entities include Defendants BaronHR, LLC; BaronHR West, Inc.; Hunter Staffing, Inc.; BaronHR Hospitality, LLC; BaronTransport, LLC; and Legendary Staffing, Inc. [Case No. 3:25-cv-82, Doc. 1-1 ¶ 14].

1]. On August 20, 2024, Mutual Work filed a Motion for an Order Allowing it to File a Second Amended Complaint [Doc. 74], seeking to add three claims: that Defendant Gunnin negligently (1) provided inaccurate and misleading information about the Baron Defendants in an email sent on July 21, 2021, as well as (2) in forms submitted on August 12, 2021, and (3) failed to disclose certain information. [*Id.* at 3–7]. In its proposed amended complaint, Mutual Work alleged it learned of the misleading nature of the Baron Defendants' representations when, on March 21, 2024, it discovered that Clear Spring Property and Casualty Company ("Clear Spring") had sued one of the Baron Defendants and then, in May 2024, that Trion Solutions, Inc. ("Trion") had sued Defendant Perez. [Doc. 74-1 at ¶ 81(f)].

In its January 8, 2025, Order, the Court denied Mutual Work's motion to amend [Doc. 74], finding, *inter alia*, that Mutual Work was not diligent in pursuing an amendment. [Doc. 98]. The Court found, based on Plaintiff's allegations, that Mutal Work learned of the suits by Clear Spring and Trion in March and May 2024, respectively, but did not seek to amend until August 20, 2024, without any good cause for such a delay. [*Id.* at 8].

**2. Lawsuit #2: Case No. 3:25-cv-82**

After it was denied leave to file an amended complaint, Mutual Work filed this action, which was removed from Tennessee state court on February 27, 2025. Mutual Work asserted, *inter alia*, the three claims against Gunnin that it had already attempted to include in its proposed amended complaint in Case No. 3:23-cv-223. [Case No. 3:25-cv-82, Doc. 1-1]. On March 5, 2025, Gunnin filed a Motion to Dismiss [Case No. 3:25-cv-82, Doc. 3], arguing that Mutual Work's complaint should be dismissed (1) because the statute of limitations has expired, and (2) because the doctrine of prior suit pending applied. To further bolster its statute of limitation argument, Gunnin subsequently filed a Supplement to its Motion to Dismiss, which included email exhibits

sent to Mutual Work indicating it was aware of the Baron Defendants' reputational and legal risks as early as August 25, 2021. [Doc. 144-2]. Mutual Work then filed a Motion to Strike Gunnin's supplemental filing. [Doc. 145]. On August 27, 2025, the Court denied Mutual Work's Motion to Strike and, instead, exercised its discretion to consider the extraneous exhibits and convert Gunnin's Motion to Dismiss as a Motion for Summary Judgment. [Doc. 156]. As a result, the Court allowed both parties to file additional briefing on the issues, and Mutual Work filed a response [Doc. 158], to which Gunnin replied [Doc. 160].

The Court will now turn to the merits of Gunnin's Motion for Summary Judgment. [Case No. 3:25-cv-82, Doc. 3].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56 (c)(1). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

4

Case 3:23-cv-00223-CEA-JEM   Document 165   Filed 10/29/25   Page 4 of 12
PageID #: 1688

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted). The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248–49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

Plaintiff asserts one count of negligence against Gunnin. [Case No. 3:25-cv-82, Doc. 1-1]. Gunnin argues that no genuine issue of material fact exists because: (1) Mutual Work's negligence claim is time-barred by the applicable statute of limitations; and (2) Mutual Work's negligence claim is barred by the prior suit pending doctrine or the "first-filed rule." [Doc. 160]. The Court finds that Mutual Work's negligence claim against Gunnin is not barred by the applicable statute
5

of limitations and neither the doctrine of prior suit pending nor the "first-filed rule" apply in this case.

1. **Statute of Limitations**

The parties' dispute centers on two pivotal questions: (1) which statute of limitation applies, and (2) when Mutual Work's claim began to accrue. First, Gunnin contends that, under T.C.A. § 28-3-104(c)(1), a one-year statute of limitations applies because the claim involves professional malpractice.[3] [Case No. 3:25-cv-82, Doc. 3-1 at 3]. Mutual Work, however, argues that T.C.A. § 28-3-105 governs, as this is an action for injury to personal property. [Case No. 3:25-cv-82, Doc. 12 at 6–8]. Second, Gunnin asserts that, under Tennessee's "discovery rule," Mutual Work knew or should have known of the alleged negligence as early as August 25, 2021, based on the email correspondence in the record. [Doc. 160]. Mutual Work counters that its cause of action did not accrue until the actual harm occurred on May 12, 2023, when the Baron Defendants breached their contracts. [Doc. 158]. Under that timeline, the suit filed on February 27, 2025, would fall well within the applicable three-year limitations period.

a. **TENN. CODE. ANN. § 28-3-105(1) Applies**

A district court sitting in diversity applies the law of the forum state when resolving statute of limitations issues. *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir. 1996) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980)). Tennessee law provides a three-year statute of limitations for "actions for injuries to personal or real property." TENN. CODE. ANN. § 28-3-105(1). However, Tennessee law also provides:

---

[3] Gunnin fails to identify in any of its briefs which specific portion of the statute it relies on to support its argument that a one-year statute of limitation applies. However, based on Gunnin's assertion that T.C.A. § 28-3-104 governs malpractice actions, the Court understands Gunnin to be relying on subsection (c)(1), as it is the only provision within the statute that references malpractice.

6

> Actions and suits against licensed public accountants, certified public accountants, or attorneys for malpractice shall be commenced within one (1) year after the cause of action accrued, whether the action or suit is grounded or based in contract or tort.

TENN. CODE. ANN. § 104(c)(1). "In Tennessee, the applicable statute of limitations is determined according to the gravamen of the complaint." *Keller v. Colgems–EMI Music, Inc.*, 924 S.W.2d 357, 359 (Tenn. Ct. App. 1996).

Here, Mutual Work is claiming that it should recover the revenue it lost because of Defendant's alleged negligence. [Case No. 3:25-cv-82, Doc. 1-1 ¶ 64]. This is clearly an action for injuries related to personal property under T.C.A. § 28-3-105(1). *See Mid-S. Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19 (Tenn. Ct. App. 2010) (applying three year statute of limitations to a breach of contract action because the injury sustained was a loss of personal property); *Med. Educ. Assistance Corp. v. State ex rel. E. Tennessee State Univ. Quillen Coll. of Med.*, 19 S.W.3d 803 (Tenn. Ct. App. 1999) ("The statute of limitations for negligent misrepresentation is three years from the accruing of the cause of action.").

Moreover, Gunnin's claim that T.C.A. § 28-3-104(c)(1) applies because Mutual Work's claim involves professional malpractice is incorrect. Simply put, the statute only includes actions against "licensed public accountants, certified public accountants, and attorneys" for malpractice. TENN. CODE. ANN. § 104(c)(1). Notably, insurance professionals are not listed. And Tennessee courts have routinely applied a three-year statute of limitations to claims against insurance professionals, rather than the one-year period specified in T.C.A. § 104(c)(1). *See, e.g., Tip's Package Store, Inc. v. Com. Ins. Managers, Inc.*, 86 S.W.3d 543, 552 (Tenn. Ct. App. 2001) (applying a three-year statute of limitations to a claim against an insurance company); *Original Christ Temple Church v. Alexander & Assocs.*, No. M2002-02117-COA-R3-CV, 2004 Tenn. App. LEXIS 84, at *10 (Tenn. Ct. App. Feb. 4, 2004) ("In this case, Church proceeds on a negligence

7

theory based on Alexander's failure to advise Church of the changes in its insurance coverage . . . Accordingly, we agree T.C.A. § 28-3-105 governs the instant case."); *Monroe v. First Colony Life Ins. Co.*, 1989 Tenn. App. LEXIS 112, at *5 (Tenn. Ct. App. Feb. 15, 1989) (holding that the plaintiff's claim against her life insurance agent was subject to a three-year statute of limitations).

Because Mutual Work's claim concerns injury to personal property and is not brought against any professional listed in T.C.A. § 104(c)(1), the three-year statute of limitations set forth in T.C.A. § 28-3-105(1) applies.

### b. Mutual Work's Claim Began to Accrue on May 12, 2023

Where a defendant asserts a statute of limitations defense, summary judgment is appropriate if the statute of limitations has run and there is no genuine issue of material fact as to when the plaintiff's claim accrued. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001) (citation omitted). Whether a plaintiff gained actual or constructive knowledge of a claim is generally a question reserved for the trier of fact, but summary judgment may be granted on statute of limitations grounds if the facts clearly show that the claim has accrued and the applicable limitations period has expired. *Coffey v. Coffey*, 578 S.W.3d 10, 21–22 (Tenn. Ct. App. 2018).

For purposes of determining accrual, Tennessee follows the discovery rule. *See Allied Sound, Inc. v. Neely*, 909 S.W.2d 815, 821–22 (Tenn. Ct. App. 1995) (citation omitted). That rule dictates that the statute of limitations "begins to run when the plaintiff has either actual or constructive knowledge of a claim." *Robinson v. Baptist Mem'l Hosp.*, 464 S.W.3d 599, 608 (Tenn. Ct. App. 2014) (citation omitted). Constructive knowledge exists "when the plaintiff has actual knowledge of 'facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury as a result of wrongful conduct.'" *Redwing v. Catholic Bishop for Diocese of*

8

*Memphis*, 363 S.W.3d 436, 459 (Tenn. 2012) (citations omitted). "Once the suspicion of wrongdoing has arisen, the limitation period runs, and the plaintiff is under a duty to investigate with reasonable diligence." *Gilmore v. Davis*, 185 F. App'x 476, 482 (6th Cir. 2006) (quoting *Ergon, Inc. v. Amoco Oil Co.*, 966 F. Supp. 577, 582 (W.D. Tenn. 1997)).

Importantly, a cause of action "does not become complete and present for limitations purposes—it does not *accrue*—until the plaintiff can file suit and obtain relief." *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 810 (2024) (internal citations omitted). The Tennessee Supreme Court has explained that a cause of action in tort does not exist until two elements are satisfied: "(1) a breach of some legally recognized duty owed by the defendant to the plaintiff and (2) some legally cognizable damage caused to the plaintiff by the breach of duty." *Potts v. Celotex Corp.*, 796 S.W.2d 678, 681 (Tenn. 1990). Therefore, "a cause of action does not accrue until both the wrong (breach) occurs *and* the injured party holds the right to sue: in other words, injury must occur before the action accrues." *Swanson v. Wilson*, 423 F. App'x 587, 594 (6th Cir. 2011).

Here, Gunnin argues that Mutual Work was aware of the allegedly negligently supplied information regarding the Baron Defendants as early as August 25, 2021. [Doc. 160 at 4]. In support, Gunnin points to email correspondence purportedly showing that Mutal Work knew of the Baron Defendants' reputational and legal risks. [Doc. 144-2]. Even if this is true, knowledge of potentially inaccurate information alone does not trigger the start of the limitations period—*actual* injury does. Simply receiving inaccurate or misleading information, without resulting harm, does not give rise to a cause of action. As reflected in the Affidavit of Tim Knight, Mutual Work did not suffer any harm until May 12, 2023, when the Baron Defendants allegedly breached their contract with Mutual Work. [*See* Doc. 60 at ¶ 15]. Only then did the alleged negligence of

9

Case 3:23-cv-00223-CEA-JEM   Document 165   Filed 10/29/25   Page 9 of 12
PageID #: 1693

providing misleading or inaccurate information translate into a concrete, legally cognizable injury. *See Spokeo, Inc. v. Robins*, 578 U. S. 330, 339 (2016) (holding that an injury in fact occurs when plaintiff suffers a concrete and particularized injury that is not conjectured or hypothetical).

This same point is illustrated in *Alsbrook v. Concorde Career Colleges, Inc.*, 469 F. Supp. 3d 805 (W.D. Tenn. June 25, 2020). In *Alsbrook*, the plaintiffs were enrolled in the defendant college's Health Information Management ("HIM") program. *Id.* at 819. The plaintiffs alleged the college made various misrepresentations, including that the HIM program would be accredited by the time the plaintiffs graduated. *Id.* at 820–21. As to that misrepresentation, the court found the statute of limitations barred the plaintiffs' claim because when they graduated, "they knew or should have known that the HIM program was not accredited and that those statements were false." *Id.* at 831. The court reasoned that the actual injury occurred once the plaintiffs graduated because, at that point, "they had been given a degree that was not what they were told they would receive." *Id.* Because the misrepresentations were made *and* the plaintiffs graduated more than three years before they filed suit, dismissal was appropriate on statute of limitations grounds. *Id.*

Conversely, while Mutual Work may have had reason to believe that Gunnin was not entirely truthful by August 25, 2021, they were not harmed until the Baron Defendants purportedly breached the Baron ASO Agreements on May 12, 2023. Therefore, Mutual Work's claim against Gunnin, filed on February 27, 2025, is within the three-year statute of limitations.

### 2. Tennessee's Prior Suit Pending Doctrine

Gunnin suggests that Mutual Work's claim is barred under the prior suit pending doctrine because it involves the same parties and subject matter as the first lawsuit that Mutual Work filed in this Court. [*See Mutual Work Comp Solutions, LLC v. BaronHR, LLC*, et al., Case No. 3:23-cv-223]. This argument is without merit. As Mutual Work points out, the doctrine of "prior suit

pending" does not apply in federal court. *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 Fed. Appx. 506, 511 (6th Cir. 2005) ("The Tennessee doctrine of 'prior suit pending,' however, is a state law doctrine which plainly does not apply to federal courts."). The "prior suit pending" doctrine has no application in federal court and cannot be used to bar Mutual Work's claims.

### 3. The First-Filed Rule

In the alternative, Gunnin argues, without citing any Sixth Circuit precedent, that the Court should bar Mutual Work's claims under a similar federal rule: the "first-filed rule." [Doc. 126]. While this doctrine does exist in federal courts, it is unclear that it applies when two actions are pending before the same judge. *Compare Ohio Willow Wood Co. v. Alps South, LLC*, No. 2:13-cv-860, 2014 U.S. Dist. LEXIS 63735, at *7 (S.D. Ohio May, 8, 2014) (applying the first-filed rule even though the cases were filed in the same district court), *with Powell v. Oldham*, No. 2:16-cv-2907-SHM-tmp, No. 2:17-cv-2015-SHM-dkv, No. 2:17-cv-2795-SHM-tmp, 2018 U.S. Dist. LEXIS 39058, at *12 (W.D. Tenn. March 9, 2018) ("Courts generally decline to apply the first-to-file rule when the two actions are actively pending before the same judge."). Moreover, whether a case should be dismissed under the first-filed rule is left to the Court's discretion. *Lexington Ins. Co. v. Lion Oil Co.*, No. 3:13-cv-1054, 2014 U.S. Dist. LEXIS 5742, at *15–16 (M.D. Tenn. Jan. 16, 2014) ("[T]he first-filed rule is not a strict rule . . . Thus, [d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands." (internal citations omitted)). And here, the Court finds such a dismissal would be inappropriate given the circumstances of these consolidated cases.

In any event, Gunnin's failure to assert the first-filed rule argument in its original Motion [Case No. 3:25-cv-82, Doc. 3] proves fatal. Gunnin only raised this specific argument in its reply

11

brief. [*See* Doc. 126 at 2–3]. New arguments are not appropriately raised in a reply brief, as it is only an opportunity to respond to the points and authorities contained in the answering brief. *See* E.D. Tenn. L.R. 7.1(c); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("Raising [an] issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." (internal citation omitted)); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-cv-4-HSM-SKL, 2019 U.S. Dist. LEXIS 201161, at *10 (E.D. Tenn. Nov. 1, 2019) (finding new arguments raised in the reply brief as inappropriate).

By failing to assert the first-filed rule argument in its original motion, Gunnin has waived this issue. Even if the argument was not waived, the Court would use its discretion to not dismiss this action. As such, Mutual Work's claims against Gunnin are not barred under the first-filed rule.

### IV. CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment [Case No. 3:25-cv-82, Doc. 3] is **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**